11-571-ag
Zou v. Holder

BIA
Nelson, IJ
A095 708 536

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

NA ZOU, AKA WAN XIA JIANG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-571-ag
NAC

_____

FOR PETITIONER:       Gary J. Yerman, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Leslie M. McKay, Assistant Director; Jessica Segall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Na Zou, a native and citizen of China, seeks review of a January 26, 2011, order of the BIA, affirming an April 30, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Na Zou*, No. A095 708 536 (B.I.A. Jan. 26, 2011), *aff'g* No. A095 708 536 (Immig. Ct. N.Y. City Apr. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial, and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009)(internal quotation marks and citations omitted). For

2

applications like Zou's, governed by the REAL ID Act of 2005, the agency may, after considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

In finding Zou not credible, the agency relied on inconsistencies in the record regarding her purported arrest and beating by village committee officials. The agency's reliance on these inconsistencies was reasonable under the REAL ID Act. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Matter of J-Y-C-*, 24 I. & N. Dec. at 265. Moreover, the agency was not required to credit Zou's various explanations for these inconsistencies: "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)(emphasis in original)(internal citations omitted). Because a review of the record indicates

3

that these explanations would not necessarily be compelling to a reasonable fact-finder, the agency was justified in reaching its determination.

The agency also reasonably relied on inconsistencies in the record regarding Zou's educational history when it deemed her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. at 260. As the agency noted, Zou provided conflicting accounts of where and when she attended school in her first asylum application, her updated asylum application, and her testimony. Under the REAL ID Act, although these inconsistencies do not go to the heart of Zou's claim, they are a proper basis for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. at 260. While Zou attempted to explain these inconsistencies by stating that her initial application was prepared by her prior counsel and was incomplete, the agency was not compelled to accept the explanation. *See Majidi*, 430 F.3d at 80-81.

Having found Zou not credible, the agency reasonably noted that her failure to provide corroborative evidence further undermined her credibility. *See Biao Yang v.*

4

*Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In particular, the agency found that Zou failed to submit medical records from her alleged beating and also found that her father's first letter failed to mention her arrest and beating, and, to the contrary, indicated that Zou had not previously suffered any harm on account of her support for Falun Gong.

In addition, the agency did not err in finding that Zou failed to establish a well-founded fear of persecution based on her Falun Gong activities in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). While Zou argues that there is a reasonable possibility that Chinese authorities will become aware of her participation in public demonstrations in the United States, Zou failed to present any credible objective evidence demonstrating that her activities in the United States are known, or easily could be known, to the Chinese government.

In light of the agency's adverse findings with respect to Zou's credibility, we find that it did not err in denying Zou's applications for relief. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). *See also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that the agency need not analyze separately a withholding of removal claim based on the same facts as an applicant's asylum

claim); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (same, with respect to CAT).  For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6